UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA LEASE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV162 TIA |
| | ) |
| PACER INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Pacer International, Inc.'s Motion to Dismiss. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On September 19, 2008, Pacer Transport, an affiliate of Defendant Pacer International, Inc. ("Pacer"), leased a flatbed semi-trailer from XTRA Lease LLC ("XTRA") pursuant to a Rental Agreement. On September 27, 2008, the trailer was involved in an accident in Polk County, Iowa, that resulted in the death of the driver of the other vehicle and personal injuries to the passenger of that vehicle. The survivors of the deceased driver filed a Complaint in the Iowa District Court for Polk County against the driver of the semi-tractor pulling the trailer, Pacer, the inspector of the trailer, and XTRA. After the Complaint was filed, XTRA requested a defense and indemnification from Pacer, and Pacer denied said request.

XTRA then filed suit in federal court against Pacer International, based on its guarantee of the liabilities of pacer Transport. XTRA seeks a defense of the claims asserted in the Iowa Complaint

and indemnification for those claims pursuant to a provision in the Rental Agreement.[1]  Pacer filed a motion to dismiss, arguing that the indemnification provision contained in the agreement does not and cannot reach claim against XTRA for damages caused by XTRA's own negligence.  The undersigned held a hearing on the Motion to Dismiss on May 24, 2010.

## II.  Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Id.  This standard simply calls for

---

[1]  The indemnity provision at issue states in pertinent part:

> LESSEE HEREBY AGREES TO INDEMNIFY, DEFEND, AND HOLD HARMLESS XTRA LEASE, . . . , FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, OBLIGATIONS AND EXPENSES . . . FOR PERSONAL INJURY (INCLUDING DEATH) OR DAMAGES TO ANY PERSON OR PROPERTY, WHEREVER OCCURRING, ARISING OUT OF OR INCIDENT TO LESSEE'S PERFORMANCE OR FAILURE TO PERFORM UNDER THE LEASE OR LESSEE'S USE, POSSESSION, MAINTENANCE OR CONTROL OF THE: (I) EQUIPMENT . . ."

(Complaint, Doc. #1, Exh. 4, p. 14)

enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, ___ U.S. ___ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

## Discussion

Pacer asserts that XTRA is precluded from seeking indemnification because the provision does not protect XTRA from claims for damages caused by its own negligence, nor does it cover pre-lease maintenance, inspections, or certifications. XTRA, on the other hand, contends that the "any and all claims" language contained in the indemnity clause requires Pacer to indemnify XTRA for all

claims, including alleged negligence.

Upon thorough consideration of the briefs and the oral arguments, the undersigned finds that dismissal is not warranted at this time. In light of Utility Serv. and Maint. v. Noranda Aluminum, Inc., 163 S.W.3d 910 (Mo. 2005), the XTRA has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). For purposes of this Motion to Dismiss, the indemnity provisions in both cases are similar enough to raise XTRA's breach of contract claim and request for declaratory judgment above the speculative level and raise a reasonable expectation that discovery will reveal evidence of its claim for indemnification against Pacer.[2] Id. at 555-56.

In addition, at this stage of the litigation, the undersigned finds unpersuasive Pacer's argument that the indemnity clause does not pertain to XTRA's pre-lease negligence. As the accident that prompted the Iowa case arose out of Pacer's use of the vehicle, XTRA has alleged sufficient facts regarding whether Pacer must indemnify XTRA for losses arising out of that use under the terms of the indemnity clause contained in the lease agreement. Pacer is free to file a motion for summary judgment at a later date.

---

[2] In Noranda, the indemnity clause provided:

> Seller [Utility] shall indemnify and save Purchaser [Noranda] free and harmless from and against any and all claims, damages, liabilities or obligations of whatsoever kind, including, but not limited to, damage or destruction of property and injury or death of persons resulting from or connected with Seller's performance hereunder or any default by Seller or breach of its obligations hereunder.

163 S.W.3d at 911-12. The Missouri Supreme Court held that the language in the indemnity provision "was sufficient to require Utility, a sophisticated commercial entity, to indemnify Noranda for all claims, including those alleging negligence by Noranda." Id. at 914.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. #11] is **DENIED.**

          /s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of June, 2010.