UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA LEASE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV162 TIA |
| ) | |
| PACER INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings, along with motions to compel filed by both parties. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

On September 19, 2008, Pacer Transport, an affiliate of Defendant Pacer International, Inc. ("Pacer"), leased a flatbed semi-trailer from XTRA Lease LLC ("XTRA") pursuant to a Rental Agreement. On September 27, 2008, the trailer was involved in an accident in Polk County, Iowa, that resulted in the death of the driver of the other vehicle and personal injuries to the passenger of that vehicle. The survivors of the deceased driver filed a Complaint in the Iowa District Court for Polk County against the driver of the semi-tractor pulling the trailer, Pacer, the inspector of the trailer, and XTRA. After the Complaint was filed, XTRA requested a defense and indemnification from Pacer, and Pacer denied said request.

XTRA then filed suit in federal court against Pacer International, based on its guarantee of the liabilities of pacer Transport. XTRA seeks a defense of the claims asserted in the Iowa Complaint

and indemnification for those claims pursuant to a provision in the Rental Agreement.[1]  Pacer filed a motion to dismiss, arguing that the indemnification provision contained in the agreement does not and cannot reach claims against XTRA for damages caused by XTRA's own negligence.  The undersigned denied that motion on June 25, 2010.  Thereafter, the Plaintiff filed a Motion for Judgment on the Pleadings.  Pursuant to Plaintiff's request, the Court heard oral arguments on that motion on December 20, 2010.

## **Standard for Ruling on a Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  When deciding such a motion, the court accepts "all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." Waldron v. Boeing Co.. 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted).  "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  United States v. Any & All Radio Station Transmission

---

[1] The indemnity provision at issue states in pertinent part:

> LESSEE HEREBY AGREES TO INDEMNIFY, DEFEND, AND HOLD HARMLESS XTRA LEASE, . . . , FROM AND AGAINST ANY AND ALL LOSSES, LIABILITIES, OBLIGATIONS AND EXPENSES . . . FOR PERSONAL INJURY (INCLUDING DEATH) OR DAMAGES TO ANY PERSON OR PROPERTY, WHEREVER OCCURRING, ARISING OUT OF OR INCIDENT TO LESSEE'S PERFORMANCE OR FAILURE TO PERFORM UNDER THE LEASE OR LESSEE'S USE, POSSESSION, MAINTENANCE OR CONTROL OF THE: (I) EQUIPMENT . . ."

(Complaint, Doc. #1, Exh. 4, p. 14)

Equip., 207 F.3d 458, 462 (8th Cir. 2000).

## Discussion

In its motion, Plaintiff contends that judgment on the pleadings is proper based on the Missouri Supreme Court's holding in Utility Serv. & Maint. v. Noranda Aluminum, 163 S.W.3d 910 (Mo. 2005), Defendant's admissions, and the unambiguous language of the indemnity provision. Defendant, on the other hand, asserts that the language in question does not clearly and unambiguously indemnify Plaintiff for its own negligence, the language in other provisions of the agreement demonstrate that Defendant did not agree to indemnify Plaintiff for Plaintiff's own negligence, and Noranda does not control the outcome of this case. For the reasons set forth below, the undersigned finds that judgment on the pleadings is not warranted.

As previously stated, the Court accepts as true and draws all reasonable inferences from all facts as pled by the nonmoving party. To prevail, the moving party must **clearly** establish that there are no material issues of fact, and judgment is appropriate as a matter of law. (emphasis added). In this regard, Wright & Miller provides guidance for the Court:

> only if all material issues can be resolved on the pleadings by the district court;otherwise, a summary judgment motion or a full trial is necessary. An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another. Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.

4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1368. Further, "[b]ecause of this limitation on the successful utilization of the Rule 12(c) procedure, the moving party always should consider employing a summary judgment motion rather than a motion for

judgment on the pleadings." Id.

Here, Plaintiff contends that the Noranda court's holding that an indemnity provision in an sales contract was unambiguous and required the seller to indemnify the purchaser even for the purchaser's own negligence is binding on this Court's interpretation of the indemnity clause between XTRA and Pacer. While the Noranda court found that particular language unambiguous, this Court merely held the language in the present agreement similar enough to survive a motion to dismiss under Twombly. See XTRA Lease LLC v. Pacer Int'l, Inc., No. 4:10CV162 TIA, 2010 U.S. Dist. LEXIS 63469, at *5 (E.D. Mo. June 25, 2010). The Court did not find the language identical to that in Noranda, nor did it render any opinion regarding Defendant's arguments that the specific language in the indemnity provision and the agreement between XTRA and Pacer does not require Pacer to indemnify XTRA's negligence and that the indemnity provision does not reach pre-lease negligence. Instead, the Court noted that the Complaint survived at the motion to dismiss stage but that Pacer was free to file a summary judgment motion at a later date. Id.

At this point in the litigation, the pleadings fail to demonstrate that no genuine issue of material fact exists such that judgment on the pleadings would be proper. Defendant has denied that the indemnity clause applies and has claimed that it has no obligation to defend or indemnify XTRA. (Answer, Doc. #36, ¶ 14) Further, Defendant's affirmative defenses state that the indemnity policy does not apply to XTRA's negligence. (Answer, Doc. #36, First Affirmative Defense, p. 3) In addition, Plaintiff merely argues that Noranda requires Pacer to indemnify XTRA.[2] Plaintiff has not

---

[2] Also unpersuasive is the Plaintiff's attempt to misconstrue this Court's prior opinion to mean that the Court denied the motion to dismiss on the basis that the accident arose out of Pacer's use. Instead, the language taken out of context by the Plaintiff applied to Defendant's argument that the indemnity clause did not apply to pre-lease negligence. The Court made no ruling on the merits of the Iowa case or on the applicability of the indemnity clause.

4

addressed the plain meaning of the language in this particular indemnity clause in any of its pleadings or briefs. Again, this Court has not reached the same decision as the Noranda court, and its previous opinion notes that the language is merely "similar enough to raise XTRA's breach of contract claim and request for declaratory judgment above the speculation level and raise a reasonable expectation that discovery will reveal evidence of its claim for indemnification against Pacer." XTRA Lease LLC v. Pacer Int'l, Inc., No. 4:10CV162 TIA, 2010 U.S. Dist. LEXIS 63469, at *5 (E.D. Mo. June 25, 2010).

While the interpretation of an unambiguous contract and the determination of whether a contract is ambiguous are questions of law, the undersigned finds that Plaintiff has not sufficiently addressed the exact language of the indemnity provision and agreement in question. See Monarch Fire Prot. Dist. v. Freedom Consulting & Auditing Servs., 678 F. Supp. 2d 927, 935 (E.D. Mo. 2009) (stating interpretation of unambiguous contract and threshold issue of whether a contract is ambiguous is question of law suitable for determination on motion for summary judgment). The facts as alleged by Defendant in its Answer and accepted as true by this Court indicate that the indemnity provision may not apply in this instance. Further, Defendant has sufficiently argued in its response to Plaintiff's motion for judgment on the pleadings that significant differences may exist between the language in the indemnity provision and agreement between XTRA and Pacer and the indemnity clause language in the Noranda case. As such, Plaintiff's argument that Defendant is obligated to indemnify Plaintiff is better left for a motion for summary judgment. Plaintiff's Motion for Judgment on the Pleadings will therefore be denied.

The undersigned notes that the parties have been unable to agree on certain discovery disputes, prompting each party to file a motion to compel. Pacer seeks information regarding

previous disputes wherein XTRA sought indemnification for its own negligence or where another person sought indemnification from XTRA for that person's negligence. In addition, Pacer requests documents pertaining to any previous disputes, terms that XTRA alleges were incorporated by reference into the Rental Agreement, and correspondence between the parties regarding their agreements. XTRA seeks documents referenced in Pacer's Rule 26 disclosures. Pacer contends that XTRA has these documents in its possession.

With regard to XTRA's Motion to Compel, Pacer's response indicates that the motion is moot, as XTRA has the requested documents. XTRA has not filed a reply indicating otherwise. Therefore, the Court will deny the motion as moot.

Pacer's Motion to Compel is more complex. However, the Court finds that Pacer is entitled to the requested information and documents. With regard to previous disputes involving indemnification, Pacer seeks the information to assist in its defense and the interpretation of the indemnity clause. At this time, the Court has not found the clause to be unambiguous, and the possibility of looking to extrinsic evidence to resolve any ambiguities exists such that the evidence would be relevant. See Sunnen Prod. Co. v. Travelers Cas. & Sur. Co. of Am., No. 4:09CV00889 JCH, 2010 WL 743633, at *2 (E.D. Mo. Feb. 25, 2010) (granting plaintiff's motion to compel similar policies, lawsuits and claims where extrinsic evidence would be relevant if policy in question was ambiguous). However, the information and documents regarding prior disputes shall go back no more than 5 years to prevent any undue burden on XTRA.

Likewise, Pacer asserts that the "Standard Terms and Conditions" attached to the Complaint may not be the terms, including the indemnity agreement, to which the parties agreed. To this extent, the information would be relevant for the Court to adequately and accurately interpret the actual

6

indemnity agreement between the parties. The parties have requested additional time to file dispositive motions and a postponement of the trial date. Granting Pacer's motion to compel should not prejudice XTRA, as the Court will allow the parties ample time to file their motions. Thus, XTRA shall answer interrogatory numbers 8 and 9, limited to the past 5 years, and produce documents responsive to numbers 2, 3, 5, 6, 7 and 8 of Pacer's Second Request for Production of Documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Doc. #37] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel [Doc. #48] is **GRANTED** consistent with the Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [Doc. #49] is **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that the Joint Motion to Extend the Time to File Dispositive Motions and to Postpone Trial Date [Doc. #61] is **GRANTED**. The parties shall file dispositive and Daubert motions no later than **May 27, 2011**. This action is set for a **JURY** trial on **October 17, 2011** at **9:00 a.m.** in **Courtroom 15 South**. This is a **one** week docket. All other provisions in the Case Management Order dated May 24, 2010 shall remain in full force and effect.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2011.